Fred J. Munder, J.
Defendant moves to dismiss the complaint under .subdivision 4 of rule 106 of the Buies of Civil Practice on the ground that each of the three causes pleaded therein does not state facts sufficient to constitute a cause of action, or under subdivision 4 of rule 107 on the ground that there exists a final judgment of this court determining the same causes of action between the same parties on the merits. The defendant moves further to dismiss the third cause of action pursuant to subdivision 5 of rule 107 on the ground that it did not accrue within the time limited by law for the commencement of such actions.
There is presently pending in this court an action against these plaintiffs for damages for personal injuries allegedly sustained by this defendant, in which was interposed an amended answer setting forth an affirmative defense and four counterclaims, the second, third and fourth of which are virtually identical to the three causes of action pleaded herein. On motion of the defendant (plaintiff in that action) these three counterclaims were dismissed “with leave to defendants to institute separate actions * * * based upon such claims ”. (Opinion of Mr. Justice Hill in Whitener v. Balducci, N. Y. L. J., May 11, 1959, p. 15, col. 2.) I take this to he an acknowledgment of the sufficiency in law of such claims to constitute causes of action, and certainly not a dismissal of same on the merits.
Giving every fair intendment to the allegations of the third cause of action, I find the plaintiffs to have stated facts sufficient to constitute a cause of action in prima facie tort (Green v. Time, Inc., 1 A D 2d 665 and cases therein cited), and one that is not presently barred by the Statute of Limitations (Ledwith v. International Paper Co., 64 N. Y. S. 2d 810, affd. 271 App. Div. 864).
Consequently the defendant’s motion to dismiss under subdivision 4 of rule 106, and subdivisions 4 and 5 of rule 107 must be denied. Under his prayer for “such other, further and different relief”, however, the plaintiffs will be directed to serve an amended complaint to conform with the provisions of rule 90 of the Buies of Civil Practice and the suggestions expressed in the balance of Mr. Justice Hill’s opinion (Whitener v. Balducci, supra), the complaint to be served within 20 days of the service of a copy of the order to be entered hereon with notice of entry. Submit order.